THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILFREDO DE JESUS, Defendant-Appellant.

Second District   No. 77-601

Opinion filed May 3, 1979.

Mary Robinson, Michael Mulder, and Mark Schuster, all of State Appellate Defender's Office, of Elgin, for appellant.

Dennis Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and Barbara A. Preiner, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant, Wilfredo De Jesus, was charged by information with aggravated battery and cruelty to children. The incidents allegedly occurred on December 2 and 3, 1976, and involved defendant's two-year-old daughter. Defendant was found guilty of both charges in a jury trial, and he was sentenced to one to eight years in the penitentiary. On appeal he contends he was denied a fair trial because (1) physicians testifying for the State gave as the diagnosis of the child's injuries, "the battered child syndrome"; and (2) certain alleged hearsay was admitted.

■■■ Defendant urges that testimony diagnosing his daughter's injuries as "the battered child syndrome" coupled with an explanation of that term served to raise hostility in the jury and to suggest that defendant was guilty of prior offenses not charged. The testimony of a physician regarding his diagnosis of an injury is generally made through words which are terms of art. The use of such terms of art and their explanation by the physician do not necessarily indicate any wrongdoing by a particular defendant, but are merely descriptive of the nature of the injuries observed by the physician. (*People v. Jackson* (1971), 18 Cal. App. 3d 504, 95 Cal. Rptr. 919.) Other evidence must still be produced to show that the defendant was the cause of the injuries complained of.

Because such a diagnosis does not state that the defendant battered the child, there is no inconsistency with a defense that the injuries were caused by another person, such as defendant attempted to show at trial in the present case.

■■ ■ Defendant complains of two separate instances in which alleged hearsay was improperly admitted. The first is the testimony of a State's witness who was present at a prior juvenile court proceeding regarding the custody of defendant's children. The witness in the present cause related what some of defendant's testimony was in the prior proceeding, and defendant urges that because his own testimony in the prior proceeding was made through an interpreter, the interpreter must be called as a witness to avoid a hearsay problem. The interpretation of testimony of a witness made in a foreign language, by an interpreter who is sworn in court and translates the testimony to the court, does not violate the hearsay rule because both the original witness and the interpreter are under oath and are subject to cross examination. (29 Am. Jur. 2d *Evidence* §501, at 558 (1967).) Since the interpreter's qualifications are subject to challenge in the original proceeding, and because an interpreter is sworn to translate accurately (Ill. Rev. Stat. 1977, ch. 51, par. 47) we hold that an interpreter's translation of a party's testimony from a prior judicial proceeding does not constitute hearsay, because the interpreter is merely a conduit for testimony and makes no statement which is his or her own. Defendant's statements at the former proceeding were, as stated in his brief, admissions and were admissible as such under that exception to the hearsay rule.

The second instance of alleged hearsay occurred when police questioned defendant, which took place in the following manner. Police asked defendant a question in English and defendant responded in English and would make a gesture which was descriptive of a portion of his answer to the question. Another officer was then told to repeat the question in Spanish, and a conversation between this officer and defendant would take place in Spanish, followed by the same gesture being made by defendant. Defendant argues that testimony that the "same question" was asked in Spanish is hearsay because the translating officer did not testify at trial and the officer who testified as to the questioning did not himself speak or understand Spanish. Defendant further argues that a description of the gesture made after the Spanish conversation is irrelevant because it could only relate to the question which was asked in Spanish, about which there was no competent testimony at trial.

■■ As a result of defense objections raised at trial, the court prevented the police from testifying that the "same question" was asked in Spanish, but did allow testimony that a conversation in Spanish followed the

question and answer in English. Assuming, arguendo, that testimony regarding the existence of a conversation in Spanish and gestures which followed the conversation was irrelevant, it is our opinion that these matters were not prejudicial to defendant because there had already been testimony that defendant answered the relevant questions in English and made gestures in conjunction therewith.

The decision of the circuit court is accordingly affirmed.

Affirmed.

GUILD, P. J., and NASH, J., concur.